

THE ATTORNEY GENERAL.  *Overruled by*
OF TEXAS  *Art. 26.05*
*C.C.P.*

AUSTIN 11, TEXAS
January 18, 1965

WAGGONER CARR
ATTORNEY GENERAL

Honorable James E. Barlow                Opinion No. C-375
Criminal District Attorney
Bexar County Courthouse           Re:  Whether, in a criminal
San Antonio, Texas                     case on change of venue,
                                       the county from which
                                       venue is changed must
                                       reimburse the county in
                                       which the trial is held
                                       for prisoner's expenses
                                       (Art. 1040 C.C.P.);
                                       jurors' expenses (Art.
                                       1038 C.C.P.); and fee
                                       for appointed counsel
Dear Mr. Barlow:                       (Art. 494a C.C.P.)?

          You have requested an opinion "as to what expenses,
incurred by a county to which change of venue is made under
Art. 560 C.C.P., must be reimbursed by the county from which
venue was changed." You state that there are three specific
classes of expenses that you are interested in, to-wit:  (1)
Expenses of Prisoners; (2) Food and Lodging of Jurors; and
(3) Compensation of Appointed Counsel. We will deal with
each class in the above order.

          Articles 560 to 563, Vernon's Code of Criminal
Procedure, provide for a change of venue under certain
circumstances.

          (1) EXPENSES OF PRISONERS:  Vernon's Code of
Criminal Procedure contains five Articles that govern expenses
of prisoners from another county. Article 1037 recites:

          "Each county shall be liable for all expense
          incurred on account of the safe keeping of prisoners
          confined in jail or kept under guard, except prisoners
          brought from another county for safe keeping, or on
          habeas corpus or change of venue; in which cases, the
          county from which the prisoner is brought shall be
          liable for the expense of his safe keeping." (Emphasis
          added)

Article 1040 recites in part:

"For the safe keeping, support and maintenance of prisoners confined in jail or under guard, the sheriff shall be allowed the following charges:

". . .

"2. For support and maintenance, for each prisoner for each day such an amount as may be fixed by the commissioners court, provided the same shall be reasonably sufficient for such purpose, and in no event shall it be less than forty cents per day nor more than seventy-five cents per day for each prisoner. The net profits shall constitute fees of office and shall be accounted for by the sheriff in his annual report as other fees now provided by law. The sheriff shall in such report furnish an itemized verified account of all expenditures made by him for feeding and maintenance of prisoners, accompanying such report with receipts and vouchers in support of such items of expenditure, and the difference between such expenditures and the amount allowed by the commissioners court shall be deemed to constitute the net profits for which said officer shall account as fees of office.

"3. For necessary medical bill and reasonable extra compensation for attention to a prisoner during sickness, such an amount as the commissioners court of the county where the prisoner is confined may determine to be just and proper.

"4. For reasonable funeral expenses in case of death."

Article 1042 states:

"The sheriff shall pay the expenses of jurors impaneled in cases of felony (except when they are paid by the juror himself), the expenses of employing and maintaining a guard, and to support and take care of all prisoners, for all of which, he shall be reimbursed by the proper county according to the rates fixed in the two preceding articles." (Emphasis added)

Article 1048 provides:

"If the expenses incurred are for the safe-keeping and maintenance of a prisoner from another county, the sheriff shall make out a separate account therefor, and submit the same to the county judge of his county, who shall carefully examine the same, write thereon his approval for such amount as he finds correct and sign and date such approval officially." (Emphasis added)

Article 1049 reads as follows:

"The account mentioned in the preceding article shall then be presented to the commissioners court of the county liable for the same, at a regular term of such court; and such court shall, if the charges therein be in accordance with law, order a draft issued to the sheriff upon the county treasurer for the amount allowed." (Emphasis added)

It is our opinion that all of the above articles are to be considered together in determining the liability for expenses of prisoners from another county. Certainly the wording "to support and take care of all prisoners" is broad enough to cover the items enumerated in Article 1040. Articles 1042, 1048 and 1050 clearly place the economic burden upon the county in which the criminal action originated.

(2) FOOD AND LODGING OF JURORS: Vernon's Code of Criminal Procedure also contains four Articles that govern the expenses of a jury that has been impaneled to hear a case on change of venue from another county. Article 1038 states:

"The Sheriff of each County shall, with the approval of the Commissioners Court, provide food and lodging for jurors empaneled in a felony case and jurors so empaneled shall be paid as other jurors are paid, in addition to such food and lodging." (Emphasis added)

Article 1042, Vernon's Code of Criminal Procedure, recites:

"The sheriff shall pay the expenses of jurors impaneled in cases of felony (except when they are paid by the juror himself), the expenses of employing and maintaining a guard, and to support and take care

of all prisoners, for all of which, <u>he shall be reimbursed by the proper county</u> according to the rates fixed in the two preceding articles." (Emphasis added)

Article 1050, Vernon's Code of Criminal Procedure, reads as follows:

"In all causes where indictments have been presented against persons in one county and such causes have been removed by change of venue to another county, and tried therein, <u>the county from which such cause is removed shall be liable for all expenses incurred for pay of jurors in trying such causes.</u>" (Emphasis added)

Article 1051, Vernon's Code of Criminal Procedure, provides:

"<u>The county commissioners of each county at each regular meeting shall ascertain whether</u>, since the last regular meeting, <u>any person has been tried for crime upon a change of venue from any other county. If they find such to be the case they shall make out an account against such county from which such cause was removed showing the number of days the jury in such case was employed therein, and setting forth the amount paid for such jury service; such account shall then be certified to as correct by the county judge of such county</u>, under his hand and seal, <u>and be, by him, forwarded to the county judge of the county from which the said cause was removed; which account shall be paid in the same manner as accounts for the safe keeping of prisoners.</u>" (Emphasis added)

The foregoing Articles taken together clearly state that the County from which venue has been changed, shall pay for the jurors' food and lodging.

(3) COMPENSATION OF APPOINTED COUNSEL: Article 494a of Vernon's Code of Criminal Procedure, clearly states that appointed counsel shall be paid by the County wherein such trial is held. Article 494a recites in part:

". . . <u>The fee allowed counsel shall be paid by the county wherein such trial is held and such sum to be paid from county funds, where such funds are available.</u>

". . ." (Emphasis added)

In a trial tried on change of venue from another county, the county in which the criminal action originated is responsible for the expenses of the prisoner and the costs of

food and lodging for the jurors. However, the county wherein the trial is held is responsible for the compensation of appointed counsel.

### SUMMARY

The county in which a case originated is liable for the expenses of keeping the prisoner and for the costs of food and lodging for the jurors where such case is tried in another county on a change of venue. However, in such a case, the county wherein the trial is held is liable for the compensation of appointed counsel.

Yours very truly,

WAGGONER CARR
Attorney General

By    *Roy B. Johnson*

Roy B. Johnson
Assistant

RBJ:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Howard Fender
Malcolm Quick
Kerns Taylor
James Strock

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone